IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN BLECHER, et al., *Plaintiffs,* v. CHOICE HOTELS INTERNATIONAL, INC., et al., *Defendants.* | CIVIL ACTION NO. 25-4850 |

**Pappert, J.**                                                                               **December 11, 2025**

## MEMORANDUM

After their car was stolen from a WoodSpring Suites parking lot in Philadelphia, Jonathan and Alan Blecher sued the hotel's franchisee (Posh Hotel Operations I LLC) and franchisor (Choice Hotels International, Inc.) alleging several claims under Pennsylvania law. The Clerk of Court entered default against Choice Hotels and Posh Hotel for failure to plead or otherwise defend, and the Blechers subsequently moved for default judgment. Choice Hotels now moves to set aside the default. The Court grants its motion grants because (1) the Blechers will not suffer prejudice if the default is set aside, (2) Choice Hotels advances meritorious defenses and (3) Choice Hotels' default was not the result of culpable or inexcusable conduct.

I

As a lodging franchisor, Choice Hotels contracts with franchisees, who run their own hotels under its umbrella. Posh Hotel is one such franchisee, operating the WoodSpring Suites in Northeast Philadelphia. (Am. Compl. ¶¶ 4, 8, Dkt. No. 7);

1

(WoodSpring Suites Franchise Agreement at 1–52, Dkt. No. 17-2.)  In April of 2025, Jonathan and Alan Blecher were "paying guests" at this hotel; and on April 8, their 2022 Dodge Challenger Hellcat Superstock was stolen from its parking lot.  (Am. Compl. ¶¶ 8–9.)

On September 29, 2025, the Blechers filed their amended complaint against Choice Hotels and Posh Hotel alleging negligence and gross negligence, fraudulent misrepresentation, breach of contract, negligent hiring, training and supervision and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection law.  (*Id.* ¶¶ 27–49, 56–60.)  They also seek a declaratory judgment with respect to an alleged contract between them and the defendants.  (*Id.* ¶¶ 50–55.)  To support their claims, the Blechers primarily allege (1) Choice Hotels and Posh Hotel failed to provide a reasonably secure environment for their car and (2) the general manager of the WoodSpring Suites falsely told them someone found their car after it was stolen.  (*Id.* ¶¶ 1, 14, 17–18.)

On October 29, the Clerk of Court entered default against Choice Hotels and Posh Hotel for failure to plead or otherwise defend under Federal Rule of Civil Procedure 55(a).  (Entry of Default at 1, Dkt. No. 13.)  The following day, the Blechers moved for default judgment.  (Mot. for Default J., Dkt. No. 14.)  On November 4, Choice Hotels moved to set aside the default.  (Mot. to Set Aside Default, Dkt. No. 17.)

II

Federal Rule of Civil Procedure 55(c) permits a district court to "set aside an entry of default for good cause."  The Third Circuit Court of Appeals has "often emphasized that it does not favor defaults," *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d

Cir. 1982), repeatedly expressing its "preference that cases be disposed of on the merits whenever practicable," *Jorden v. Nat'l Guard Bureau*, 877 F.2d 245, 251 (3d Cir. 1989) (internal quotation marks and citation omitted). In assessing whether to set aside a default, courts must ask three questions: (1) whether the plaintiff will suffer prejudice if the default is set aside, (2) whether the defendant has a meritorious defense and (3) whether the default was the result of the defendant's culpable or inexcusable conduct. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).

A

Prejudice exists when setting aside the default would impair the plaintiff's ability to pursue his claims. *Emcasco Ins. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987); *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656–57 (3d Cir. 1982). The "loss of available evidence, increased potential for fraud or collusion, or substantial reliance [on the default]" support a finding of prejudice. *Feliciano*, 691 F.2d at 657. Being forced to litigate an action on the merits, however, does not constitute prejudice. *Choice Hotels Int'l, Inc. v. Pennave Assocs., Inc*, 192 F.R.D. 171, 174 (E.D. Pa. 2000).

The Blechers argue they will suffer prejudice because the general manager of the WoodSpring Suites at the time their car was stolen no longer works for the hotel. They assert that if Choice Hotels had timely responded to their complaint, they could have secured the general manager's testimony "through the normal course of discovery while he was still an employee of the [hotel]." (Pls.' Mem. of L. in Opp'n to Def.'s Mot. to Set Aside Default at 30, Dkt. No. 19.) But prejudice is concerned with the "*irretrievable* loss of evidence." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984) (emphasis

3

added).  Nothing indicates the Blechers cannot secure the former general manager's testimony through normal discovery devices.  Given the relatively short time between entry of default and the Court's decision on this motion, it is doubtful that any available evidence will ultimately be lost.  Further, nothing suggests an increased potential for fraud or substantial reliance on the default.  Granting Choice Hotels' motion will merely require the Blechers to litigate their claims on the merits.

B

Choice Hotels advances meritorious defenses.  To establish a meritorious defense, a defendant must state a defense that, if substantiated, would constitute a complete defense.  *$55,518.05 in U.S. Currency*, 728 F.2d at 195.  A meritorious defense can be "of any variety" including "the contention of failure to state a claim." *Collura v. Ford*, No. 13-4066, 2016 WL 409228, at *12 (E.D. Pa. Feb. 3, 2016).

Choice Hotels argues that (1) as a franchisor, it owed no duty under Pennsylvania law to the Blechers; (2) it made no fraudulent misrepresentation to the Blechers; (3) it had no contract with the Blechers; (4) as a franchisor, it had no responsibility to hire, train or supervise employees of the WoodSpring Suites; and (5) it did not engage in any deceptive conduct.  (Choice Hotels' Mem. of L. in Supp. of Mot. to Set Aside Default at 4–7, Dkt. No. 17-1.)  Because Choice Hotels alleges the Blechers have "failed to state a claim upon which relief can be granted," the meritorious-defense factor "weighs in favor of granting [Choice Hotels'] motion to set aside the entry of default." *Flowers v. Remington Lodging & Hosp., LLC*, No. 17-1087, 2017 WL 3023592, at *2 (E.D. Pa. July 17, 2017); *see also Quadratec, Inc. v. Auto Shops, LLC*, No. 17-03780, 2018 WL 637793, at *2 (E.D. Pa. Jan. 31, 2018).

In response, the Blechers offer several arguments as to why Choice Hotels' defenses fail on the merits. But the question at this stage is not whether the defense succeeds or fails; the question is instead whether the defense, *if substantiated*, would be meritorious. *Feliciano*, 691 F.2d at 657 (explaining that courts should "express no view on the merits" of a defense, only whether the defendant has stated a "prima facie" defense).

### C

Finally, the entry of default was not the result of Choice Hotels' culpable or inexcusable conduct. A defendant engages in culpable or inexcusable conduct if he "act[s] willfully or in bad faith." *Id.* When a defendant purposefully declines to file a response to a plaintiff's pleading, for example, he acts willfully or in bad faith. *See, e.g.*, *Wells v. Rockefeller*, 728 F.2d 209, 214 (3d Cir. 1984). By contrast, when a defendant negligently fails to plead or otherwise defend, he does not act willfully or in bad faith. *See, e.g.*, *Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 148 (E.D. Pa. 2001).

On October 6, after Choice Hotels received the Blechers' amended complaint, it forwarded the document to its claims administrator, Great Prairie Risk Solutions, Inc. (Aff. of Kate McDonald Sergeant ¶ 4, Dkt. No. 20-1.) General Counsel for Great Prairie then prepared an email to send to the lawyer who would handle Choice Hotels' case. (*Id.* ¶ 7.) The General Counsel "reasonably believed" she sent the email, but the email did not, in fact, send due to an alleged "glitch" or "mistake" in her computer. (*Id.* ¶¶ 8, 11.) Therefore, the lawyer responsible for Choice Hotels' case never received notice of the lawsuit. As soon as the General Counsel learned of the default against Choice Hotels, she sent an email to the assigned lawyer, who immediately entered appearance.

(*Id.* ¶¶ 13–14.)  Within a few days, the lawyer filed the motion to set aside the default. (Mot. to Set Aside Default.)

At worst, Choice Hotels negligently failed to plead or defend.  Its failure was attributable to an error in its claims administrator's computer and the administrator's failure to ensure the assigned lawyer received notice of the Blechers' lawsuit.  And Choice Hotels' prompt filing of this motion further suggests "unintentional" conduct "as well as a willingness to comply with the applicable procedures and deadlines going forward."  *Flowers*, 2017 WL 3023592, at *3.

The Blechers' reliance on *Hritz v. Woma Corporation*, 732 F.2d 1178 (3d Cir. 1984), is misplaced.  In that case, the Third Circuit held "[r]eckless disregard for repeated communications from . . . the court . . . can satisfy the culpable conduct standard."  *Id.* at 1183.  But Choice Hotels did not recklessly disregard repeated communications or orders from the court.  As explained, its claims administrator failed to timely contact a lawyer to handle the case because of a computer error.  This is a textbook example of excusable conduct.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.