**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JONATHAN D. BLECHER and ALAN P. BLECHER,<br><br>                                Plaintiffs,<br><br>               v.<br><br>CHOICE HOTELS INTERNATIONAL, INC. and POSH HOTEL OPERATIONS I LLC,<br><br>                         Defendants. | CIVIL ACTION<br><br>NO. 2:25-cv-04850-GBP |

## DEFENDANT CHOICE HOTEL INTERNATIONAL INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW Defendant Choice Hotels International, Inc., ("Answering Defendant"), by and through its counsel, Freeman Mathis and Gary, LLP, hereby responds to Plaintiffs' First Amended Complaint as follows:

**I.     INTRODUCTION**

1.     Denied. This paragraph contains conclusions of law to which no response is required. To the extent a response to required, the averments are denied. It is specifically denied that Answering Defendant is responsible for the management and operation of the WoodSpring Suites hotel located at 4050 Woodhaven Road, Philadelphia, PA.

**II.     THE PARTIES**

2.     Denied. Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.

3.     Admitted.

4.      The averments within this paragraph are made with respect to a party other than Answering Defendant, as such, no response is required. To the extent that a response is required, after a reasonable investigation, Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph, and therefore, denies same.

## III.    JURISDICTION AND VENUE

5.      Denied.

6.      Denied.

7.      Denied.

## IV.    FACTUAL ALLEGATIONS

8.      Denied. Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.

9.      Denied. Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.

10.     Denied., Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.

11.     Denied. Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.

12.     Denied. Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.

13.     Denied. Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.

14.     Denied.

15.     Denied.

16.     Denied. Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.

17.     Denied. Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.

18.     Denied. Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied. Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.

25.     Denied.

26.     Denied.

**V.    CAUSES OF ACTION**

**COUNT I: NEGLIGENCE AND GROSS NEGLIGENCE (AGAINST CHOICE HOTELS INTERNATIONAL, INC. AND POSH HOTEL OPERATIONS I LLC)**

27.     This is an incorporation paragraph to which no responsive paragraph is required. The preceding answers are incorporated herein by reference as if set forth fully at length herein.

28.     Denied.

29.     Denied.

30.     Denied.

3

31.     Denied.

## COUNT II: FRAUDULENT MISREPRESENTATION (AGAINST JOSE DELGADO ALVARADO, CHOICE HOTELS INTERNATIONAL, INC. AND POSH HOTEL OPERATIONS I LLC)

32.     This is an incorporation paragraph to which a response is not necessary. To the extent a response is required, same is denied. Strict proof thereof is demanded at time of trial.

33.     Denied.

34.     Denied. Answering Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

## COUNT III: BREACH OF CONTRACT (AGAINST CHOICE HOTELS INTERNATIONAL, INC. AND POSH HOTEL OPERATIONS I LLC)

39.     This is an incorporation paragraph to which a response is not necessary. To the extent a response is required, same is denied. Strict proof thereof is demanded at time of trial.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

**COUNT IV: NEGLIGENT HIRING, TRAINING, AND SUPERVISION (AGAINST CHOICE HOTELS INTERNATIONAL, INC. AND POSH HOTEL OPERATIONS I LLC)**

45.    This is an incorporation paragraph to which a response is not necessary. To the extent a response is required, same is denied. Strict proof thereof is demanded at time of trial.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

**COUNT V: DECLARATORY RELIEF REGARDING INAPPLICABILITY AND UNENFORCEABILITY OF CONTRACTUAL TERMS (AGAINST CHOICE HOTELS INTERNATIONAL, INC. AND POSH HOTEL OPERATIONS I LLC)**

50.    This is an incorporation paragraph to which a response is not necessary. To the extent a response is required, same is denied. Strict proof thereof is demanded at time of trial.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

**COUNT VI: VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL), 73 P.S. § 201-1, et seq. (AGAINST ALL DEFENDANTS)**

56.    This is an incorporation paragraph to which a response is not necessary. To the extent a response is required, same is denied. Strict proof thereof is demanded at time of trial.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

## VI.    PRAYER FOR RELIEF

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

## VII.    JURY DEMAND

69.    This is Plaintiffs' Jury Demand to which no responsive paragraph is required.


**WHEREFORE** Defendant requests that Plaintiffs be denied any and all relief requested in their Amended Complaint. Answering Defendant respectfully requests that the claims alleged in the Amended Complaint be dismissed in their entirety with prejudice, and that they be awarded costs of defense, including reasonable attorneys' fees.


## AFFIRMATIVE DEFENSES

By way of further answer, to the extent that Answering Defendant is deemed to have not answered each and every factual allegation in the foregoing paragraphs of Plaintiffs' First Amended Complaint, Answering Defendant specifically denies any allegations that are deemed to

be unanswered. Without assuming the burden of proof on any such defenses which would otherwise rest on Plaintiffs, and with the reservation of its rights to amend or supplement its responses, Defendant asserts the following as defenses to Plaintiffs' First Amended Complaint.

### First Affirmative Defense

1.    Plaintiffs assumed the risk of all alleged injuries/damage which limit and/or bars all claims.

### Second Affirmative Defense

2.    Plaintiffs' claims are barred by the Comparative Negligence Statute.

### Third Affirmative Defense

3.    Plaintiffs' claims fail to state any cause of action against Answering Defendant upon which relief can be granted.

### Fourth Affirmative Defense

4.    Plaintiffs' claims are barred because of the doctrine of superseding and/or intervening cause.

### Fifth Affirmative Defense

5.    Plaintiffs' claims are barred because of the doctrine of waiver and/or estoppel.

### Sixth Affirmative Defense

6.    Answering Defendant is not responsible for the hiring, training, or supervision of employees at WoodSpring Suites hotel located at 4050 Woodhaven Road, Philadelphia, PA.

### Seventh Affirmative Defense

7.    Plaintiffs' claims are barred by virtue of terms of a release.

### Eighth Affirmative Defense

8.    Answering Defendant's conduct was reasonable at all times.

7

**Ninth Affirmative Defense**

9.      Answering Defendant owed no duty to Plaintiffs.

**Tenth Affirmative Defense**

10.     Answering Defendant fulfilled any alleged duty or obligations toward Plaintiffs.

**Eleventh Affirmative Defense**

11.     Plaintiffs' injuries/damages, if any, were caused by the acts or omissions of third

parties, over which Answering Defendant had no control, and/or no obligation to control.

**Twelfth Affirmative Defense**

12.     Any defect or dangerous condition that may have existed, the existence of which

is denied, but, at any rate, was not known to Answering Defendant at any time prior to this

alleged incident.

**Thirteenth Affirmative Defense**

13.     Plaintiffs' claims are barred and/or reduced by Plaintiffs' failure to take reasonable

precautions for their own safety and otherwise failing to take reasonable actions to avoid,

minimize, or mitigate their alleged damages.

**Fourteenth Affirmative Defense**

14.     Plaintiff's claims are barred since Plaintiffs cannot prove a defect.

**Fifteenth Affirmative Defense**

15.     There was no defect or dangerous condition that existed in this case that

proximately caused Plaintiffs' alleged harm.

**Sixteenth Affirmative Defense**

16.     There was no notice, either actual or constructive, of any alleged dangerous defect

in this case.

**Seventeenth Affirmative Defense**

17.     Answering Defendant is not responsible for statements made by employees of co-defendant Posh Hotel Operations I LLC.

**Eighteenth Affirmative Defense**

18.     Answering Defendant had no direct contractual relationship with Plaintiffs.

**Nineteenth Affirmative Defense**

19.     Plaintiffs' claims fail to state a cause of action under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) upon which relief can be granted.

**Twentieth Affirmative Defense**

20.     Answering Defendant hereby give notice of its intention to rely on such other new matter affirmative defenses as may become available or apparent during the course of this litigation, and incorporate herein by reference the applicable new matter asserted by any other defendant to plaintiffs' claims.

**Twenty First Affirmative Defense**

21.     Answering Defendant reserves the right to assert any additional defense allowed by the Federal Rules of Civil Procedure upon receipt or disclosure of any evidence discovered in defense of this matter.

WHEREFORE Defendant requests that Plaintiffs be denied any and all relief requested in their Amended Complaint. Defendant respectfully requests that the claims alleged in the Amended Complaint be dismissed in their entirety with prejudice, and that they be awarded costs of defense, including reasonable attorneys' fees.

## CROSSCLAIMS

### CROSSCLAIM I: FOR CONTRIBUTION AND INDEMNIFICATION AGAINST CO-DEFENDANT POSH HOTEL OPERATIONS I LLC

1. Answering Defendant hereby incorporates all prior responses made in response to Plaintiffs' First Amended Complaint.

2. Answering Defendants aver that if Plaintiffs sustained any compensable injuries and/or damages as alleged in Plaintiffs' First Amended Complaint, same being specifically denied, said injuries and damages were caused by Co-Defendant, Posh Hotel Operations I LLC, for reasons set forth in Plaintiffs' First Amended Complaint, which allegations are hereby incorporated by reference as if each of said allegations were more fully set forth herein at length an which allegations are expressly denied.

**WHEREFORE**, Answering Defendant demands judgment its favor and against Co-Defendant, Posh Hotels Operations I LLC together with costs, attorney's fees, and other relief as may be just and reasonable.

### CROSSCLAIM II: FOR CONTRIBUTION AND INDEMNIFICATION AGAINST CO-DEFENDANT POSH HOTEL OPERATIONS I LLC

1. Answering Defendant hereby incorporates all prior responses made in response to Plaintiff's First Amended Complaint and incorporates all references made herein.

2. Answering Defendant franchised to Co-Defendant Posh Hotels Operations I LLC to operate the WoodSpring Suites located at 4000 Woodhaven Road, Philadelphia, PA 19154 on or about on April 23, 2018.[1]

---

[1] A copy of the subject Franchise Agreement is not attached as an exhibit as it is a confidential document, with confidential fee provisions. Answering Defendant will provide a copy to this Court for an *in camera* review upon request.

3. Pursuant to the terms of the Franchise Agreement, Co-Defendant Posh Hotels Operations I LLC, is required to defend and indemnify Answering Defendant.

4. Co-Defendant Posh Hotels Operations I LLC, has yet to accept the defense and indemnity of Answering Defendant.

5. By failing to accept this defense and indemnity as outlined and required by the franchise agreement and additional insured endorsement Co-Defendant Posh Hotels Operations I LLC is in breach of contract.

6. If Answering Defendant is held liable to Plaintiff for all or part of such damages as Plaintiffs may have allegedly suffered, Co-Defendant Posh Hotels Operations LLC, is solely liable to Plaintiffs, or is liable by way of contribution and/or indemnification on the cause(s) of actions brought by Plaintiffs and/or is contractually liable as well.

**WHEREFORE**, Answering Defendant respectfully requests this Court to enter judgment in its favor against Co-Defendant; or, in the alternative find Co-Defendant liable for contribution and/or indemnification for all sums for which Answering Defendant is found liable to Plaintiff.

Respectfully Submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/Kaela M. Colyar*
Joshua G. Ferguson, Esquire (93188)
Kaela M. Colyar, Esquire (338116)
1600 Market Street, Suite 2700
Philadelphia, PA 19103
(267) 758-6009
kaela.colyar@fmglaw.com
*Attorneys for Defendant, Choice*
*Hotels International Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JONATHAN D. BLECHER and ALAN P. BLECHER, | |
| Plaintiffs, | CIVIL ACTION |
| v. | NO. 2:25-cv-04850-GBP |
| CHOICE HOTELS INTERNATIONAL, INC. and POSH HOTEL OPERATIONS I LLC, | |
| Defendants. | |

## <u>CERTIFICATION OF SERVICE</u>

I, KAELA M. COLYAR, attorney for Defendant Choice Hotels International, Inc., hereby certify that I caused a copy of Defendant Choice Hotels International, Inc's Answer to Plaintiffs' First Amended Complainy, to be filed electronically with the court and served by electronic filing on all parties via ECF.

> Respectfully submitted,
> FREEMAN MATHIS & GARY LLP
>
> By:   */s/ Kaela M. Colyar*
> Kaela M.Colyar (338116)
> 1600 Market Street, Suite 2700
> Philadelphia, PA 19103
> (267) 758-6009
> kaela.colyar@fmglaw.com
>
> Defendant *Choice Hotels International, Inc.*

Date:  December 30, 2025