IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN D. BLECHER and ALAN P. BLECHER,<br><br>Plaintiffs,<br><br>v.<br><br>CHOICE HOTELS INTERNATIONAL, INC. and POSH HOTEL OPERATIONS I LLC,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 2:25-cv-04850-GBP |

## DEFENDANT CHOICE HOTELS INTERNATIONAL INC.'S RESPONSE TO PLAINTIFFS' "NOTICE OF SUPPLEMENTAL INFORMATION"

Defendant Choice Hotels International Inc. ("Choice Hotels") files this response to Plaintiffs' filed "Notice of Supplemental Information" to address its contained factual and legal mischaracterizations regarding Choice Hotels's Answer to Plaintiffs' Amended Complaint. Prior to this filed Response, Choice Hotels filed an Amended Answer pursuant to Fed. R. Civ. P. 15. Defendant Choice Hotels responds as follows:

### I. Plaintiffs' Filing Must be Narrowly Construed as Only a Document Supporting its Motion for Default Judgment against Co-Defendant Posh Hotels.

Choice Hotels takes great issue with Plaintiffs' parsing of its Answer. Plaintiffs attempt to incorporate improper material and mischaracterizations of Choice Hotels's clear averments by labelling it as something else. **The content speaks for itself**. As Plaintiffs are both trained as attorneys, Defendant Choice Hotels requests that Plaintiffs conduct this case upholding such a standard, and that this Court recognizes that Plaintiffs have significant legal training. Below, Defendant Choice Hotels specifically responds to Plaintiffs to ensure that this document cannot be misconstrued as a pleading directed to Defendant Choice Hotels, as the material is wholly

1

irrelevant to Plaintiffs' Motion for Default Judgment against Posh Hotels Operations I, LLC ("Posh").

## II. Direct Responses to Plaintiffs' Averments.

1. Denied. Plaintiffs mischaracterize and do not fully quote Choice Hotels. Choice Hotels avers that:

> **If Answering Defendant is held liable to Plaintiff for all or part of such damages as Plaintiffs may have allegedly suffered,** Co-Defendant Posh Hotels Operations LLC, is solely liable to Plaintiffs, or is liable by way of contribution and/or indemnification on the cause(s) of actions brought by Plaintiffs and/or is contractually liable as well.

Doc. 28, at 11, ¶ 6. Plaintiffs ignore the "if" in the above statement. Only the Court and/or other factfinder—such as a jury—determines a party's liability. The "if" clearly and obviously demonstrates that Choice Hotels is *not* stating that Co-Defendant Posh Hotels is solely liable to Plaintiffs, as if Choice Hotels stands in the shoes of a factfinder, but rather *only if* liability is determined.

**Factual liability is not determined by default judgment**. Plaintiffs cite *Frow v. De Le Vega*, but misunderstand the key holding of that case. A default judgment causes the defaulting defendant to "merely [lose] his standing in court." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). But that Court notably held that if the suit is decided against the complainant on the merits, "the bill will be dismissed as to all the defendants alike—the defaulter as well as the others." *Id.* Applying that here, if a judgment is decided against Plaintiffs, it does not matter whether or not Posh is in default because its default has no bearing on its factual liability. Posh too would not be

liable. For these reasons, Choice Hotels specifically denies any characterizations of alignment with Plaintiffs or Plaintiffs' interests.

2. Denied. Defendant Choice Hotels and Co-Defendant Posh are two separate business entities who do not share a "joint defense." *Frow* is not designed to "protect co-defendants who share a unified defense" (Doc. 29, at 2 ¶ 2), but rather applies to matters in which co-defendants face joint claims. Choice Hotels's right and ability to pursue crossclaims against Co-Defendant Posh is irrelevant to Plaintiffs' argument for default judgment.

3. Denied. Defendant Choice Hotels filed an Amended Answer to Plaintiffs Amended Complaint on January 16, 2026, as permitted by Federal Rule of Civil Procedure 15. By means of further response, Defendant Choice Hotels specifically denies Plaintiffs' mischaracterizations.

4. Denied. This section titled "Unreasonable Denial of Indisputable Facts" is wholly irrelevant to the pending Motion for Default Judgment as it specifically responds to Defendant Choice Hotels's Answer. Facts are not indisputable because Plaintiffs wish them so. Defendant Choice Hotels is entitled to plead both general and affirmative defenses that it reasonably believes are applicable in this matter. Choice Hotels has done just that.

Choice Hotels specifically denies Plaintiffs' categorization and mischaracterization of its pleaded defenses. In doing so, Plaintiffs baselessly allege legal conclusions copied from their Complaint. This in no way provides so-called "supplemental" information as both the Complaint and Choice Hotels's Answer are already docketed. It does not further any argument of its Motion for Default Judgment against Posh.

### III. CONCLUSION

Defendant Choice Hotels thanks the Court for granting its Motion for Leave to Respond to Plaintiffs' filing. To the extent that Plaintiffs' "Notice of Supplemental Information" addresses

3

matters beyond the scope of Plaintiffs' filed Motion for Default Judgment and their subsequent Request for Ruling (Doc. 26) against Posh, Choice Hotels requests that such information is deemed improperly pled against Choice Hotels.

Respectfully Submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/Kaela M. Colyar*
Joshua G. Ferguson, Esquire (93188)
Kaela M. Colyar, Esquire (338116)
1600 Market Street, Suite 2700
Philadelphia, PA 19103
(267) 758-6009
kaela.colyar@fmglaw.com
*Attorneys for Defendant, Choice Hotels International Inc.*