**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JONATHAN D. BLECHER and ALAN P. BLECHER<br><br>            Plaintiffs,<br><br>v.<br><br>CHOICE HOTELS INTERNATIONAL, INC. and POSH HOTEL OPERATIONS I, LLC | CIVIL ACTION<br><br>NO. 2:25-cv-04850-GBP |

## JOINT STATUS REPORT PURSUANT TO RULE 26(f)

In accordance with Federal Rule of Civil Procedure 26(f) and this Court's Order Scheduling Hearing, counsel for the parties conferred and submit the following report of their meeting for the court's consideration:

Basis of Jurisdiction: **Diversity**

Jury Trial: __**X**___

Plaintiff's Counsel Participating in the Rule 16 Conference:
**Jonathan D. Blecher and Alan P. Blecher are both proceeding *pro se*.**

Defendants counsel participating in the Rule 16 Conference:
**Joshua Ferguson, Esquire; Kaela Colyar, Esquire as counsel for Choice Hotels International, Inc.**

Does counsel have full authority to settle this case at the Rule 16 Conference?
**Plaintiffs: Proceeding *pro se*.**

**Defendant Choice answers No.**

> If not, list name(s) of any client or proxy with such authority who will either attend the conference or remain on call during the conference:
> **Stuart Kreindler or Donna Case (Choice Hotels)**

Date parties held the Rule 26(f) Conference:
**January 29, 2026.**

When did the parties comply with the Rule 26 (a)'s duty of self-executing disclosure?
**Pursuant to the Court's Order the Parties will make the required initial disclosures under Fed. R. Civ. P 26 (a) by February 10, 2026.**

Does either side expect to file a case-dispositive motion?
**Yes. The parties contemplate filing separate Motions for Summary Judgment under FRCP 56.**

**Plaintiffs' Statement: Plaintiffs intend to file an early Motion for Partial Summary Judgment on the threshold legal issue of Agency/Vicarious Liability, based on the control provisions explicitly detailed in the Franchise Agreement and Brand Standards.**

**Choice's Statement: Choice intends to file a Motion for Summary Judgment raising the issues of lack of ownership, care, and control, and other issues stated within its Second Amended Answer.**

**Proposed Deadline for filing dispositive motions: 180 days**
**Proposed Expert Discovery: 180 days**

Approximate date case should be trial-ready:
**Time for Plaintiffs' Case: Fall 2026**
> Plaintiffs propose a trial-ready date of Fall 2026. As Choice has disavowed a 'joint defense' and claims to be a 'separate entity' from Posh, Plaintiffs believe their direct claims should not be delayed by Choice's collateral coverage disputes with third-party insurers.

**Time for Defendant's Case: Spring, 2027**
> Defendant Choice contend that a trial-ready date of Spring 2027 is more feasible due to the plan for dispositive motions as well as potential discovery disputes and issues.

Is a settlement conference likely to be helpful? **Yes.**
- If so, when? **120 days** (End of ADR Discovery)

Do the parties wish to proceed before a Magistrate Judge for Final Disposition?
**No.**

**Plan for Discovery:**
1. The parties anticipate that discovery should be completed within **150** days.

2. What is the minimum amount of time necessary to complete discovery prior to an ADR session, should one be ordered or agreed to?
**120 days**

3. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D)?

    **Yes, depending on document requests and document existence/content, the parties may execute a Limited Protective Order designating certain documents as Confidential, for parties' eyes only.**

    **The details and scope of any Protective Order will be agreed to and discussed by the parties once documents and evidence are appropriately identified.**

    **Plaintiffs contend that any such Order should not shield information relevant to public safety from disclosure.**

4. Identify any other discovery issues which should be addresses at the Rule 16 Conference, including limitations on discovery, protective Orders needed, or other elements which should be included in a particularized discovery plan.

**Plaintiffs' Statement: Plaintiffs assert that Choice can readily obtain discovery, including from POSH. Under Article 10.4 of the Franchise Agreement, Choice retains the absolute right to 'inspect or audit the books, accounts, records... of Franchisee' at any time. Furthermore, Choice retains the ultimate power to compel compliance or 'require... closing all or part of the Property' under Article 8.5 and to terminate the franchise under Article 14 in many scenarios, including "default under any other Franchise Agreement or other agreement with Franchisor or any of its Affiliates…" Therefore, Plaintiffs contend that documents held by Posh are within Choice's 'control' for purposes of Fed. R. Civ. P. 34. Plaintiffs contend that any potential collateral declaratory judgment action regarding insurance coverage is irrelevant to the facts of liability in this matter. Plaintiffs object to any delay or limitation of discovery based on Choice's internal disputes with its franchisee's insurer.**

**Choice's Statement: Choice states that there are other issues that may affect discovery. Such issues involve the potential declaratory judgment action against the franchisee and their carrier that coverage counsel may file. There are issues involving contractual claims and the**

**potential default judgement against Posh Hotels Operations I LLC. And, as described above, the parties may execute a Limited Protective Order.**

5. If you contend the discovery period to exceed 90 days, please state the reason:

**Plaintiffs' Statement: Plaintiffs contend that Choice possesses significant contractual (and business) leverage over Posh under Articles 8.5 (Power to Close Property), 10.4 (Right of Inspection of Records), and 14 (right to terminate the franchise) of the Franchise Agreement. Plaintiffs believe Choice should be required to exercise this authority to obtain relevant ESI and surveillance logs, consistent with the industry standard of franchisor oversight.**

**Choice's Statement: Choice states that Plaintiffs plead a variety of claims including negligence, UTPCPL violation, contractual claims, and potential declaratory action, that creates a large scope of discovery to address claims and defenses. Further, the potential default judgment against Posh Hotels Operations I LLC may complicate receiving information from said party.**

6. Do the parties anticipate the need to subpoena any third parties? **Yes.**
    a. If yes, to the extent any authorizations or releases are required to be signed, counsel should exchange them in advance of the Rule 16 Conference.

**Both parties anticipate the possible need to subpoena third parties. Such need depends on each party's discovery.**

|  |  |
|---|---|
|  | **FREEMAN MATHIS & GARY, LLP** |
| By: _/s/Jonathan D. Blecher___ | By: _/s/Kaela M. Colyar_ |
| Jonathan D. Blecher | Joshua G. Ferguson, Esquire (93188) |
| Plaintiff *Pro Se* | Kaela M. Colyar, Esquire (338116) |
|  | 1600 Market Street, Suite 2700 |
|  | Philadelphia, PA 19103 |
|  | Attorneys for Defendant, *Choice Hotels* |
| By: _/s/Alan P. Blecher_____ | *International, Inc.* |
| Alan P. Blecher |  |
| Plaintiff *Pro Se* |  |