IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JONATHAN D. BLECHER, et al.,

       *Plaintiffs,*

    v.

CHOICE HOTELS INTERNATIONAL, INC.,
et al.,

       *Defendants.*

CIVIL ACTION
NO. 25-4850

**Pappert, J.**                                                           **April 2, 2026**

**MEMORANDUM**

After their car was stolen from a WoodSpring Suites parking lot in Philadelphia, Jonathan and Alan Blecher sued the hotel's franchisee (Posh Hotel Operations I LLC) and franchisor (Choice Hotels International, Inc.) alleging several claims under Pennsylvania law.  The Clerk of Court entered default against Posh and Choice for failure to plead or otherwise defend, and the Blechers moved for default judgment.  After the Court set aside the default against Choice, Posh appeared and agreed to defend, and indemnify, Choice pursuant to the parties' franchise agreement.  The Blechers now move to disqualify attorney Marc Zingarini from representing both Posh and Choice.  Posh and Choice oppose disqualification and Posh also moves to set aside the default against it.

The Court denies the Blechers' motion and grants Posh's.  There is no basis to disqualify Zingarini.  And (1) the Blechers will not suffer prejudice if the default against Posh is set aside, (2) Posh advances meritorious defenses and (3) Posh's default was not the result of culpable conduct.

1

I

As a lodging franchisor, Choice contracts with franchisees, who run their own hotels under its umbrella. Posh is one such franchisee, operating the WoodSpring Suites in Northeast Philadelphia. (Am. Compl. ¶¶ 4, 8, Dkt. No. 7.) In the franchise agreement, Posh agreed to defend, and indemnify, Choice in any lawsuit arising from any occurrence on its WoodSpring Suites property. (Franchise Agreement at 32, Dkt. No. 52-3.)

On September 29, 2025, the Blechers sued Choice and Posh alleging that a few months earlier, on April 8, their 2022 Dodge Challenger Hellcat Superstock was stolen from the WoodSpring Suites. (Am. Compl. ¶¶ 8–9.) They asserted negligence and gross negligence, fraudulent misrepresentation, breach of contract, negligent hiring, training and supervision and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection law. (*Id.* ¶¶ 27–49, 56–60.) They also seek a declaratory judgment with respect to an alleged contract between them and the defendants. (*Id.* ¶¶ 50–55.) To support their claims, the Blechers primarily allege Choice and Posh failed to provide a reasonably secure environment for their car. (*Id.* ¶¶ 1, 14, 17–18.)

On October 29, the Clerk of Court entered default against Choice and Posh for failure to plead or defend under Federal Rule of Civil Procedure 55(a). (Entry of Default, Dkt. No. 13.) After the Court set aside the default against Choice, *Blecher v. Choice Hotels Int'l, Inc.*, No. 25-4850, 2025 WL 3553199 (E.D. Pa. Dec. 11, 2025), Choice asserted crossclaims against Posh, arguing Posh "is required to defend and indemnify" it under the parties' franchise agreement. (Second Am. Answer at 11, Dkt. No. 38.) Marc Zingarini of BBC Law, LLP thereafter appeared for Posh, (Notice of Appearance,

2

Dkt. No. 45), and agreed to represent Choice, (Attorney Stipulation, Dkt. No. 46). The Blechers immediately moved to disqualify Zingarini, arguing he couldn't represent Posh and Choice because Choice asserted crossclaims against Posh. (Pls.' Motion to Disqualify, Dkt. No. 47.) Choice then voluntarily dismissed its crossclaims against Posh. (Voluntary Dismissal, Dkt. No. 50.) Posh and Choice contest the Blechers' disqualification motion, (Posh's Resp. to Disqualification, Dkt. No. 52); (Choice's Resp. to Disqualification, Dkt. No. 53), and Posh also moves to set aside the default against it, (Posh's Mot. to Set aside the Default, Dkt. No. 55).

## II

There is no basis to disqualify Zingarini. A district court must give a litigant's choice of counsel "substantial deference." *Hamilton v. Merrill Lynch*, 645 F. Supp. 60, 61 (E.D. Pa. 1986). Disqualification is a "harsh measure," *Commonwealth Ins. v. Graphix Hot Line, Inc.*, 808 F. Supp. 1200, 1203 (E.D. Pa. 1992), and "not favored," *Hamilton*, 645 F. Supp. at 61.

The Rules of Professional Conduct adopted by the Pennsylvania Supreme Court govern. Local Rule Civ. P. 83.6.IV.B. Under those rules, a lawyer may not represent a client if representation involves a concurrent conflict of interest. Pa. R. Professional Conduct 1.7(a). Such a conflict exists if (1) the representation of one client is directly adverse to another client or (2) there is a significant risk the representation of a client will be materially limited by the lawyer's responsibilities to another client. *Id.* 1.7(a)(1)–(2).

Zingarini's representation of Posh is not directly adverse to Choice, nor is his representation of Choice directly adverse to Posh. The Blechers assert the same claims

3

against Posh and Choice. (Am. Compl. ¶¶ 27–60.) And under the parties' franchise agreement, Posh has a duty to defend, and indemnify, Choice in this lawsuit. Choice asserted crossclaims against Posh only to get Posh to agree to represent and indemnify it. Once Posh agreed, Choice dropped its crossclaims. Because Posh's and Choice's interests are "aligned," Zingarini has no conflict. (Posh's Resp. to Disqualification at 11.)

Zingarini's representation of Posh will not be materially limited by his representation of Choice, nor will his representation of Choice be materially limited by his representation of Posh. Again, because Posh's and Choice's interests are aligned, there is no reason to think Zingarini will be materially limited in his representation of either.

III

Federal Rule of Civil Procedure 55(c) permits a district court to "set aside an entry of default for good cause." The Third Circuit Court of Appeals "does not favor defaults," *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982), repeatedly expressing its "preference that cases be disposed of on the merits," *Jorden v. Nat'l Guard Bureau*, 877 F.2d 245, 251 (3d Cir. 1989) (citation omitted). A court should set aside a default if (1) the plaintiff will not suffer prejudice, (2) the defendant has a meritorious defense and (3) the default was not the result of the defendant's culpable conduct. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).

A

Prejudice exists when setting aside the default would impair the plaintiff's ability to pursue his claims. *Emcasco Ins. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987).

4

The "loss of available evidence, increased potential for fraud or collusion, or substantial reliance [on the default]" support a finding of prejudice. *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982).  Being forced to litigate an action on the merits, however, does not constitute prejudice. *Choice Hotels Int'l, Inc. v. Pennave Assocs., Inc*, 192 F.R.D. 171, 174 (E.D. Pa. 2000).

The Blechers allege loss of evidence.  To prove their claims, they argue, they need "metadata" that Posh once possessed.  (Pls.' Resp. to Posh's Mot. to Set Aside the Default at 8, Dkt. No. 56.)  Such metadata would have apparently revealed the Posh employees who "accessed, viewed, or deleted segments of the . . . footage" of their car being stolen.  (*Id.*)  And they say this evidence no longer exists because Posh overwrites its metadata "every 30, 60, or 90 days."  (*Id.*)  This argument makes no sense.  The Blechers' car was stolen on April 8, 2025, and they sued Posh on September 29, 2025.  (Am. Compl.)  If Posh overwrites its metadata every 30, 60, or 90 days, Posh overwrote the data at issue here by early July of 2025, several months before the Blechers sued Posh.

The Blechers next argue the general manager of the WoodSpring Suites at the time their car was stolen—a witness in their case—no longer works for the hotel.  (Pls.' Resp. to Posh's Mot. to Set Aside the Default at 9.)  They suggest that if Posh had timely responded to their complaint, they could have secured the general manager's testimony.  (*Id.*)  But prejudice is concerned with the "*irretrievable* loss of evidence." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984) (emphasis added).  Nothing indicates the Blechers cannot secure the former general manager's testimony through normal discovery devices.  The Blechers also accuse Posh of instructing this general

manager to scrub his public LinkedIn account to ensure the Blechers cannot locate him. (Pls.' Resp. to Posh's Mot. to Set Aside the Default at 9–10.) This unsupported, conclusory accusation does not suffice to show an irretrievable loss of evidence.

The Blechers do not argue there is increased potential for fraud or collusion, or substantial reliance. Granting Posh's motion will merely require the Blechers to litigate their claims on the merits.

B

To establish a meritorious defense, a defendant must state a defense that, if substantiated, would constitute a complete defense. *$55,518.05 in U.S. Currency*, 728 F.2d at 195. A meritorious defense can be "of any variety" including "failure to state a claim." *Collura v. Ford*, No. 13-4066, 2016 WL 409228, at *12 (E.D. Pa. Feb. 3, 2016).

Posh argues that (1) it had no duty to provide security for the Blechers' car and that any alleged lack of security did not cause the Blechers' loss of their car; (2) the Blechers were comparatively at fault for the theft of their car; (3) it made no fraudulent misrepresentation to the Blechers; and (4) it did not breach any contract with the Blechers. (Posh's Mot. to Set Aside Default at 14–15.) Because Posh alleges the Blechers have "failed to state a claim upon which relief can be granted," the meritorious-defense factor "weighs in favor of granting [Posh's] motion to set aside the entry of default." *Flowers v. Remington Lodging & Hosp., LLC*, No. 17-1087, 2017 WL 3023592, at *2 (E.D. Pa. July 17, 2017).

In response, the Blechers argue Posh's defenses fail on the merits. But the meritorious-defense question is not whether the defense succeeds or fails. The question is whether the defense, *if substantiated*, would be meritorious. *Feliciano*, 691 F.2d at

6

657 (explaining that courts should "express no view on the merits" of a defense, only whether the defendant has stated a "prima facie" defense).

C

A defendant engages in culpable conduct if he "act[s] willfully or in bad faith." *Id.* When a defendant purposefully declines to file a response to a plaintiff's pleading, for example, he acts willfully or in bad faith. *See, e.g.*, *Wells v. Rockefeller*, 728 F.2d 209, 214 (3d Cir. 1984). By contrast, when a defendant negligently fails to plead or otherwise defend, he does not act willfully or in bad faith. *See, e.g.*, *Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 148 (E.D. Pa. 2001).

Posh's registered agent in Delaware received service of the Blechers' amended complaint on October 4, 2025, (Proof of Service, Dkt. No. 9), and "for an unexplained . . . reason," the agent did not immediately forward the complaint to Posh's general liability insurance carrier, (Posh's Mot. to Set Aside the Default at 12). Posh's insurance carrier did not learn of the Blechers' lawsuit until October 29 when it received notice of Choice's crossclaims. (*Id.*) The carrier then conducted an "in-depth coverage analysis," given the Blechers' allegations of fraud and conspiracy. (*Id.*) Posh did not receive counsel until January of 2026. (*Id.*) As Posh summarizes, its delay "arose both out of a technical mistake and out of a good-faith effort to determine whether coverage existed." (*Id.* at 16.) Nothing indicates Posh acted in bad faith.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.

7