**Joint Status Report Pursuant to Rule 26(f)**

Caption: **Jonathan and Alan Blecher v. Choice Hotels International Inc. and Posh Hotel Operations I LLC**

Civil Action No: **2:25-cv-04850-GJP**


Basis of Jurisdiction: **Diversity of Citizenship**


Jury Trial:  **X**  Non-Jury Trial: _____    Arbitration:_____

Plaintiff's counsel participating in the Rule 16 Conference: **Jonathan and Alan Blecher,** *pro se*
Defendants counsel participating in the Rule 16 Conference: **Marc B. Zingarini, Esquire**
Do counsel have full authority to settle at Rule 16 Conference? **Yes**

        If not, client with such authority who will attend conference:

When did the parties hold the Rule 26 Conference? **May 8, 2026**

When did the parties comply with the Rule 26(a)'s duty of self-executing disclosure? **Defendants complied with self-executing disclosures February 12, 2026.  The Plaintiffs take the position that Defendants' Disclosures are deficient.  The Disclosures omit the applicable insurance policies under Fed.R.Civ.P. 26(a)(1)(A)(iv) and fail to provide adequate contact information. It is the Defendants' position that these deficiencies identified by Plaintiffs can and will be cured. Policies of Insurance and last known witnesses can be provided.**


Does either side expect to file a case-dispositive motion? **Yes** (yes/no)

**The Defendants intend to file Motion for Partial Summary Judgment on the counts contained in Plaintiffs' Complaint alleging entitlement to punitive damages, violation of the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law and allegations of Breach of Contract.**

**The Plaintiffs anticipate filing a Motion for Parti al Summary Judgment pursuant to Fed.R.Civ.P. 56(a) on the issues of actual agency, apparent agency, and liability as between Defendant Choice Hotels International, Inc. and Defendant Posh hotel Operations I, LLC.**

        If yes, under what Rule: **Fed.R.Civ.P. 56(a): Fed.R.Civ.P. 12**

        If yes, specify the issue:

        Proposed deadline for filing dispositive motions: **November 30, 2026**

        Does either side anticipate the use of experts? **Yes as to both Plaintiffs and Defendants**

        If yes, what is the proposed deadline for expert discovery? **November 30, 2026**

        Approximate date case should be trial-ready: **Defendants proposed February 2027; Plaintiffs propose a trial date in Fall of 2026**

        Time for Plaintiff's case: **2 to 3 days** Time for Defendant's case: **2 days**

        Is a settlement conference likely to be helpful? **Yes**

        If so, when:

        Early **No** (yes/no)          After Discovery **Yes** (yes/no)
        Do the parties wish to proceed before a Magistrate Judge for final

disposition?  **The Defendants are agreeable to a jury trial presided over by a U.S. Magistrate Judge.  The Plaintiffs do not consent to final disposition by a U.S. Magistrate Judge.  Plaintiffs request that this matter remain assigned to the Honorable Gerard Pappart.**

Plan for Discovery:

1.  The parties anticipate that discovery should be completed within **Defendants proposed a 180** days; **Plaintiffs proposed a 120 days** .

2.  What is the minimum amount of time necessary to complete discovery prior to an ADR session, should one be ordered or agreed to? **Both sides agree to a 180 days**

3.  Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D)? **Defendants would rely upon the attorney-client privilege where applicable as well as the work product privilege and would object to the production of any proprietary information in the possession of Posh or Choice.**

4.  Identify any other discovery issues which should be addressed at the Rule 16 Conference, including limitations on discovery, protective Orders needed, or other elements which should be included in a particularized discovery plan.

**PLAINTIFFS' STATEMENT: On April 23, 2026, Plaintiffs filed an Omnibus Motion to Compel Discovery and to Determine the Sufficiency of Defendant Choice Hotels International, Inc.'s Responses to Requests for Admission [Dkt. 68]. That Motion remains pending before this Court. Specifically, the Motion seeks: (1) supplemental Rule 26(a)(1) Initial Disclosures curing documented deficiencies; (2) complete responses and production to Plaintiffs' First Set of Requests for Production, served January 29, 2026, to which no documents and no written responses have been produced; (3) sworn answers to Plaintiffs' First Set of Interrogatories, served February 11, 2026, to which no answers or objections have been served; (4) a determination under Rule 36(a)(6) that Choice's responses to specified Requests for Admission are insufficient; and (5) reasonable out-of-pocket expenses under Rule 37(a)(5)(A).**

**Pursuant to this Court's Policies and Procedures, Rule II.C.2, any response to a motion to compel must be filed within five (5) days. No opposition to Dkt. 68 appears on the docket as of the date of this Report.**

**DEFENDANTS take the position that their discovery responses are sufficient.**

5.  If you contend the discovery period to exceed 90 days, please state reason:

    1. **Trial schedule of defense counsel**

    **2.The hotel where the event alleged to have taken has been place sold, The former hotel manager against whom the Plaintiffs have made allegations is no longer employed by the Defendant.  Further, much of the discovery which has been requested by the Plaintiffs is in the possession of Third Parties to whom various functions like personnel and security were outsourced.**

    **The Plaintiffs object to any delay predicated upon the sale of the hotel property.  Defendant Choice Hotels International Inc. retains an  absolute contractual right of inspection and audit under Article 10.4 of the Franchise Agreement.**

    **In response to the above statement by the Plaintiffs, the Defendants' position is that the Article of Franchise Agreement cited by Plaintiffs bears no relevance whatsoever to discovery issues.**

6.  Do the parties anticipate the need to subpoena any third parties?  **Yes to both parties**

If yes, to the extent any authorizations or releases are required to be signed, counsel should exchange them in advance of the Rule 16 Conference.